IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:11-CR-00524-JO-02 |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| | ) | |
| BENJAMIN JAMES BURCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

JONES, District Judge

On December 23, 2013, pursuant to 28 U.S.C. § 2255, Benjamin James Burchell

("plaintiff") filed a motion to vacate, set aside, or correct the sentence imposed in *United States*

*v. Burchell*, Case No. 3:11-CR-00524-JO-02 (D. Or. Dec. 12, 2012). Plaintiff contends he was

denied effective assistance of counsel in violation of the Sixth Amendment. Upon careful review

of the record, the court concludes plaintiff's claims for relief lack merit. An evidentiary hearing

is unnecessary. Because no facts have been alleged that would entitle defendant to relief,

plaintiff's motion is DENIED.

## BACKGROUND

In June 2011, co-defendant Terry Leichleiter met M.C., a vulnerable fifteen year old

female child. Leichleiter told M.C. that he made pornographic videos and asked how old she

- 1 -   OPINION AND ORDER

was.  M.C. told Leichleiter that she was fifteen.  Leichleiter subsequently contacted M.C. and asked her to make a video with him.  Leichleiter told M.C. that she would receive $4,000 as payment.  In July 2011, M.C. agreed to make the video and met Leichleiter at his apartment.

A few days before M.C. went to Leichleiter's apartment, Leichleiter suggested a threesome to Burchell.  When M.C. showed up to his apartment, Leichleiter called Burchell and told him M.C. had arrived.  Leichleiter put M.C. on the phone to confirm to Burchell that she was at the apartment.  Burchell left his roofing job and went to Leichleiter's apartment.  When he arrived, he saw M.C. and Leichleiter engaged in sexual intercourse while a pornographic movie played on the TV.  Burchell drank an alcoholic beverage and then M.C. took off his pants and performed oral sex on him.  Burchell denies having sexual intercourse with M.C. even though M.C. made it clear that she engaged in sexual intercourse with both men.  Burchell admitted to taking photographs of M.C. engaged in sexual intercourse with Leichleiter.

After intercourse, Leichleiter and Burchell took M.C. to "Mr. A's Market."  Leichleiter told M.C. he was going to use the store's ATM to withdraw her $4,000 payment.  Burchell waited outside the store with her.  Burchell claimed that while waiting with M.C. he realized that she "was just a kid" and what had happened was "not right."  After waiting for some time, M.C. went into the store to check on Leichleiter but could not find him.  When she came back outside, Burchell was gone.

On December 28, 2011, Leichleiter was charged by grand jury indictment with violating 18 U.S.C. § 2422(b) Coercion and Enticement of a Minor, 18 U.S.C. § 2251(a) and (e) Production of Child Pornography, 18 U.S.C. § 1591(a)(1) Sex Trafficking of a Minor, and 18 U.S.C. § 2260A Enhanced Penalties for Registered Sex Offenders. On January 3, 2012, Burchell told agents that he took M.C. to an ATM but denied any sexual activity with her and denied

taking any pictures. The next day Burchell contacted the agents and admitted that he did engage in sexual acts with M.C. and took photographs of her engaged in sexual intercourse with Leichleiter. A superseding indictment was filed on January 24, 2012, which added Burchell as a defendant. Burchell was charged with Production of Child Pornography, 18 U.S.C. § 2251 (a) and (e), a charge that carries a mandatory minimum sentence of 15 years.

M.C. was a reluctant witness and the prosecution hoped to resolve the case quickly. On April 20, 2012, Leichleiter pled guilty to Production of Child Pornography. As part of this agreement, Leichleiter stipulated to a 15 year prison sentence and lifetime supervision. On June 21, 2012, Burchell pled guilty to the lesser charge of Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). He was sentenced to 100 months in prison followed by a 3-year term of supervised release.

## LEGAL STANDARD

Defendants have a Sixth Amendment right to the effective assistance of competent counsel during the plea-bargaining process. *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012). To establish ineffective assistance of counsel, a defendant must show that (1) his legal representation was so maligned it amounted to a denial of his Sixth Amendment right to counsel; and (2) there is a reasonable probability that the "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *accord United States v. Withers*, 618 F.3d 1008, 1019 (9th Cir. 2010). The two-part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under the first prong of the *Strickland* test, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688; *accord Withers*, 618 F.3d at 1019. Under the second prong, a "reasonable probability" means "a

probability sufficient to undermine confidence in the outcome." *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009) (*quoting Strickland*, 466 U.S. at 694).

Judicial inquiry into counsel's performance "must be highly deferential," and strategic choices as to how to defend a case are "virtually unchallengeable." *Strickland*, 466 U.S. at 689, 691. Consequently, "a plea's validity may not be collaterally attacked merely because the defendant made what turned out, in retrospect, to be a poor deal." *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005). Rather, the validity of a plea deal is called into question only if the defendant demonstrates either (1) "that he made the unfavorable plea on the constitutionally defective advice of counsel"; or (2) that he "could not have understood the terms of the plea bargain." *Stumpf*, 545 U.S. at 186.

In the context of a defendant convicted pursuant to a guilty plea, "constitutionally defective advice of counsel" reflects whether the advice in question was "within the range of competence demanded of attorneys in criminal cases." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973) (*quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Ultimately, "it is difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

## DISCUSSION

Plaintiff contends that he is being unlawfully imprisoned because he was denied effective assistance of counsel. He asserts three specific grounds for his claim. First, Plaintiff alleges that his attorney failed to demand discovery or move to compel the production of discovery in a timely manner. Second, Plaintiff claims that counsel failed to advise him to cooperate with the government in a timely manner. Finally, Plaintiff contends that counsel failed to present all mitigating information in his possession to the United States Attorney's Office or the Court, including a psychological evaluation produced by Dr. Cheryl Steinhauser.

- 4 -   OPINION AND ORDER

## I.    Failure to Demand or Compel Discovery

Plaintiff first contends that counsel failed to timely demand discovery from the United States Attorney's Office or to move to compel the production of discovery.  Counsel received limited discovery on January 19, 2012, and the bulk of discovery on February 3, 2012.  This discovery was received within one month of counsel's appointment to the case.  Plaintiff fails to explain what, if any, additional discovery he believed should have been compelled and how counsel's failure to demand or compel said discovery prejudiced the defense.  *Zuppo v. Carroll*, 458 F. Supp. 2d 216 (D. Del. 2006). This vague claim does not pass the second prong of the *Strickland* test and does not warrant relief.  *Strickland*, 466 U.S. at 687.

## II.    Failure to Advise Plaintiff to Cooperate With the Government

Plaintiff contends that counsel's failure to proffer Plaintiff to the government in early 2012 amounted to ineffective assistance of counsel.  Plaintiff claims that he was ready and willing to cooperate with the government, but counsel waited too long and Plaintiff was unable to do so before his co-defendant Leichleiter pled guilty.  Counsel gave three reasons for waiting to proffer Plaintiff to the government: 1) he needed to fully review all discovery in the case; 2) Plaintiff's version of events did not align with the government's evidence and would likely have been deemed false; and 3) he was not certain that Plaintiff truly wanted to proffer.

First, counsel contends that he decided to wait to proffer Plaintiff because he first needed to review all discovery.  Counsel had over 1,300 pages of discovery to review.  A thorough review of discovery was particularly important in this case because Plaintiff's version of events was inconsistent with the government's version and thus it was critical for counsel to determine whether the government even had a case against Plaintiff.

An attorney's decision to review discovery before entering into a plea agreement is a tactical decision "and cannot be called unreasonable." *United States v. Leonti*, 326 F.3d 1111, 1120-1121 (9th Cir. 2003). The Ninth Circuit noted that the American Bar Association standards specifically advise defense attorneys: "[u]nder no circumstances should a lawyer recommend to a defendant acceptance of a plea unless a full investigation and study of the case has been completed, including an analysis of controlling law and the evidence likely to be introduced at trial." *Leonti,* 326 F.3d at 1121 (quoting ABA Standards for Criminal Justice 4-6.1(b)). Codified standards of professional practice, such as the ABA standards, help determine the standard for an attorney's performance. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). Burchell's counsel was faced with a large amount of discovery and an unusually short amount of time in which to proffer the plaintiff. Counsel's decision to review and analyze discovery prior to proffering the plaintiff was a tactical decision that followed ABA standards. As such it "cannot be called unreasonable." *Leonti,* 326 F.3d at 1121.

Second, counsel contends that he hesitated to proffer Plaintiff because Plaintiff's version of the events was inconsistent with the government's evidence. Clear evidence from Plaintiff's Change of Plea hearing supports this claim. At the hearing, Plaintiff disingenuously described his role in taking photographs of M.C. engaging in sexual intercourse with Leichleiter. When asked whether he participated in taking photographs, Plaintiff responded "I took a camera, that I don't even know if it worked, and I don't know if the images came through, but I took a camera and went through the motions." Plea Hearing Transcript 13. When pressed, he admitted "I took a picture of these two having sex, yes." Plea Hearing Transcript 14. Plaintiff also waffled when asked whether he engaged in oral sex with M.C. Plea Hearing Transcript 15-17. He also denied engaging in sexual intercourse with M.C., despite his admission that Leichleiter had asked him to

- 6 -   OPINION AND ORDER

engage in a threesome and M.C.'s claim that she had sex with both men. Plaintiff also repeatedly declared that he did not know the age of M.C. at the time of the incident, stressing that if he had he would not have participated. Plea Hearing Transcript 15-17. However, Plaintiff told police that he realized M.C. was "just a baby" when they were standing outside of Mr. A's Market. It is hard to believe that Plaintiff only realized M.C.'s age after she performed oral sex on him and after he took photos of her. Plaintiff's responses in court lend credence to counsel's claim that Plaintiff would not have given reliable testimony if proffered.

Third, counsel was not certain that Plaintiff wanted to proffer. Counsel claims that Plaintiff repeatedly changed his mind about proffering and at times refused to plea to a charge that would require him to register as a sex offender. Counsel also raised this concern in his Affidavit in Support of Motion to Extend Filing Time and Continue Trial, which he submitted to the court on May 9, 2012. In the affidavit, counsel stated, "despite reviewing with defendant the discovery provided by the government, relevant statutes, and United States Sentencing Guidelines calculations for various scenarios, defendant has been unable to decide whether to enter into plea negotiations with the government or to proceed to trial." Affidavit in Support of Motion to Extend Filing Time and Continue Trial 2. This claim is substantiated by Plaintiff's demonstrated uncertainty at his change of plea hearing, such as when plaintiff hesitated when asked if he waived his rights to a trial. Plea Hearing Transcript 9. Plaintiff was obviously conflicted over whether or not he wished to plead guilty.

The inconsistencies in Plaintiff's version of events coupled with his uncertainty over pleading guilty are sound reasons for counsel's decision to not proffer his client. Counsel's belief that Plaintiff would not benefit from proffering was a tactical decision based on his

professional experience as an attorney. As such, it cannot be challenged. *Strickland*, 466 U.S. at 689, 691.

Because I find counsel to have acted within the reasonable standards of the profession, there is no need to address the second prong of the *Strickland* test. Nonetheless, Plaintiff fails to meet that element as well. To meet the second prong, Plaintiff must prove that there is a reasonable probability that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. at 694. Plaintiff is unable to meet this burden.

Plaintiff submitted a letter counsel sent to Stephen T. Wax, a federal public defender, requesting a second opinion in this case as evidence that counsel's actions were prejudicial. Counsel stated in this letter that he was worried there was an ineffective assistance of counsel issue relating to Plaintiff's failure to cooperate at an early stage of the case. Counsel wrote to request an attorney consultation for Plaintiff. He wanted Mr. Wax to help Plaintiff "understand his legal predicament and the limited alternatives he has in this case," and to review the plea offer with Plaintiff. Ex. 118 at 1, 2. This letter does not prove Plaintiff was prejudiced by failing to proffer early on. Counsel sought a second opinion to ensure that Plaintiff knew all of his options and thoroughly understood his predicament.

Plaintiff fails to prove a reasonable probability of a different outcome but for his attorney's failure to proffer him. Plaintiff's version of events directly contradicted M.C.'s statements. Plaintiff also originally lied to police about his involvement and therefore lacked credibility. Thus, his testimony would not have assisted the government with its case against Leichleiter. The key issues in the government's case were an inability to produce any video or still images from the incident or corroboration of M.C.'s account of being filmed and photographed. Plaintiff denied at trial that he knew he was being videotaped and hedged on

- 8 -   OPINION AND ORDER

admitting to taking photographs. For these reasons, Plaintiff was not a credible witness and has not shown that the government would have found his testimony useful and requested a downward departure in his sentencing.

Plaintiff ultimately pled guilty to the lesser charge of Possession of Child Pornography, and received a sentence of 100 months. The sentence is 7 years lower than the mandatory minimum required by his original charge and 7 years less than his co-defendant received. Plaintiff has produced no evidence that but for his counsel's performance, he would have received a lower sentence. Therefore, he did not suffer prejudice. *Matylinsky v. Budge*, 577 F.3d 1083, 1091 (9th Cir. 2009) (quoting *Strickland*, 466 U.S. at 694).

## III.     Failure to Present Mitigating Information

Plaintiff also alleges that counsel's representation was deficient because counsel failed to present the psychological evaluation prepared by Dr. Steinhauser as mitigating information to the United States Attorney's Office during plea negotiations and to the Court at sentencing. Counsel states that he chose not to introduce the report because it contained damaging information. Counsel believed the negative information in the report outweighed its potential benefit. The conscious decision to withhold mitigating evidence is reasonable if the evidence is determined to be damaging. *Strickland*, 466 U.S. at 699; *Burger v. Kemp*, 483 U.S. 776, 791-94, 97 (1987); *Kwan Fai Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992); *Campbell v. Kincheloe*, 829 F.2d 1453, 1462-63 (9th Cir. 1987).

It is clear from the record that Counsel put significant thought into his decision not to introduce Dr. Steinhauser's evaluation. He consulted with Dr. Steinhauser, the mitigation investigator, and the attorney hired to give a second opinion about whether or not to introduce the report. Everyone agreed that it should not be introduced, including plaintiff. This was a strategic choice and therefore is "virtually unchallengeable." *Strickland*, 466 U.S. at 689, 691.

- 9 -   OPINION AND ORDER

Plaintiff does not identify any additional mitigating factors that counsel should have identified and brought to the court's attention. Therefore, plaintiff was not subjected to ineffective assistance of counsel on this claim.

## CONCLUSION

Plaintiff has failed to meet the rigorous standard set out in *Strickland* to demonstrate the assistance he received from counsel was ineffective. None of the strategic choices made by defense counsel fall outside the wide range of professionally competent assistance; therefore I conclude that defense counsel's assistance at all phases of the plea and sentencing process was sufficient to protect Burchell's Sixth Amendment right to competent counsel. Plaintiff's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED.

An evidentiary hearing is not required where the record conclusively shows that the movant is not entitled to relief. *United States v. Mejia-Mesa*, 153 F.3d 925, 929 (9th Cir. 1998). Plaintiff has not demonstrated that he is entitled to an evidentiary hearing pursuant to 28 U.S.C. § 2255(2), thus no hearing will be granted. Furthermore, as Plaintiff has not made a substantial showing of a denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2), a Certificate of Appealability will not be granted.

IT IS SO ORDERED.

DATED this 30ᵗʰ day of June, 2014.

Robert E. Jones, Senior Judge
United States District Court